UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:10cv557-SPm/wcs

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY

Plaintiff,

v.

WILLIAM LINCOLN, as Personal
Representative of the Estate of Abel James
Lincoln, and TREVOR STEWART,

Defendants.
_____/

## PETITION FOR DECLARATORY RELIEF AND DECREE

COMES NOW the Plaintiff, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY ("ANPAC"), by and through undersigned counsel, and files this, its Petition for Declaratory Relief and Decree, and would state:

1. This is an action for declaratory decree and relief pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C., Sections 2201 and 2202, and Chapter 86, Florida Statutes.

2. The amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of costs.

3. Jurisdiction of this matter is present under the provisions of 28 U.S.C., Section 1332.

4. At all times material hereto, the Plaintiff, ANPAC, was and is a foreign corporation, with its principal place of business in Springfield, Missouri, and is thus a citizen of the state of Missouri.

5. At all times material hereto, the Defendant, WILLIAM LINCOLN ("LINCOLN"), as Personal Representative of the Estate of Abel James Lincoln ("Abel"), was and is a resident of Tallahassee, Leon County, Florida, and is thus a citizen of the state of Florida.

6. At all times material hereto, the Defendant, TREVOR STEWART ("STEWART"), was and is a resident of Tallahassee, Leon County, Florida, and is thus a citizen of the state of Florida.

7. On or about September 3, 2005, ANPAC issued a Homeowners Policy, Policy Number 41-H-V87-500-6, to its named insureds, Sean J. Stewart and Susan R. Stewart (the "Policy"). The Policy provided coverage, as outlined in the Policy, for the Policy Term of September 3, 2005 through September 3, 2006. A true and correct certified copy of the Policy is attached hereto and incorporated by reference herein as Exhibit "1."

8. The Policy provides coverage arising out of the 801 Sunset Mountain Drive, Chattanooga, Tennessee, address listed on the Policy Declarations.

9. STEWART is the biological son of Sean J. Stewart and Susan R. Stewart.

10. STEWART, on September 3, 2005, hosted a party at his apartment, located at 2060 Continental Drive, Apartment 132, Tallahassee, Florida.

11. Abel was present at the apartment complex where STEWART hosted the party. Abel became intoxicated and drove while intoxicated, and was subsequently involved in an accident.

12. Abel died from his injuries resulting from the impact of his vehicle with several trees.

13. As a result of the death of his son, LINCOLN filed a wrongful death lawsuit in Leon County, Florida, styled *William Lincoln, as Personal Representative of the Estate of Able Lincoln, v. Sean Stewart, Susan Stewart, Trevor Stewart, Gary L. Harbo, Barbara Ann Harbo, and Gary Harbo, Jr.*, case number 2007-CA-2017 (the "Lawsuit").

14. On January 16, 2008, Susan Stewart and Sean Stewart and other parties were dismissed from the Lawsuit.

15. ANPAC has previously advised STEWART that he is not an insured under its Policy, and further advised STEWART that he is therefore not entitled to any coverage for the allegations against him in the Lawsuit.

16. A Final Judgment in the amount of one million four hundred fifty thousand dollars ($1,450,000.00), was entered in the Lawsuit against STEWART and Gary Harbo, Jr.

17. Counsel for LINCOLN has made a demand against ANPAC that it provide liability coverage and satisfaction of the judgment entered against STEWART in the Lawsuit. This creates a current and present controversy between ANPAC, on the one hand, and LINCOLN and/or STEWART, on the other hand.

18.   This demand for declaratory relief and decree is not made for the purpose of seeking a legal opinion, but is needed to resolve an existing dispute which creates doubt between the parties as to their legal rights, responsibilities and obligations.

## COUNT I – STEWART IS NOT AN "INSURED" UNDER ANPAC POLICY

ANPAC hereby readopts, re-alleges, and incorporates by reference the allegations in paragraphs 1 through 23 above, as though fully restated herein, and alleges further:

19.   The availability of coverage is determined by the Policy language. In pertinent part, the ANPAC Policy states:

### TENNESSEE SPECIAL HOMEOWNERS POLICY

### HOMEOWNERS POLICY FORM 3

#### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy. . . .

\* \* \* \*

#### DEFINITIONS

Throughout this policy, "you" and "your" refer to the "named insured" shown in the **Declarations** and the spouse if a resident of the same household, and "we," "us," and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

\* \* \* \*

5.   **"insured"** means you and the following residents of your household:

   a.   your relatives;

   b.   any other person under the age of 21 who is in the care of any person named above.

\* \* \* \*

### SECTION II – LIABILITY COVERAGES

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:

    a.    pay up to our **limit of liability** for the damages for which the **insured** is legally liable; and

    b.    provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the **occurrence** equals our **limit of liability**.

\* \* \* \*

20.    As set forth above, STEWART was not residing with his parents, and had not resided with them for approximately three (3) years, at the time of the events which form the basis of the Lawsuit.

21.    STEWART was not an "insured" as defined in the Policy, and therefore no coverage is available to STEWART for the allegations against him in the Lawsuit.

WHEREFORE, the Plaintiff, ANPAC, respectfully requests that this Court adjudicate and decree as follows:

1.    That ANPAC has no duty or obligation to indemnify STEWART for any damages which awarded to LINCOLN in the Lawsuit;

2.    That this Court grant such other relief as this Court deems just and proper.

 

s/ Kirsten Matthis
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW

& SCHEFER, P.A.
John E. Herndon, Jr., Esquire
Florida Bar No. 199702
eherndon@conroysimberg.com
Kirsten H. Matthis, Esquire
Florida Bar No. 41562
kmatthis@conroysimberg.com
325 John Knox Road
Atrium Building, Suite 105
Tallahassee, FL 32303
Phone: (850) 383-9103
Fax: (850) 383-9109